IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 2:05-CR-00003-JRG-RSP |
| | § | |
| MACEE DION GREEN. | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On May 13, 2015, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant. The government was represented by Richard Moore, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

On August 15, 2006, Defendant pled guilty before U.S. District Judge T. John Ward to the offense of Possession with Intent to Distribute Cocaine Base, a Class B felony (Count 52), and Use and Carrying of a Firearm During a Drug Trafficking Crime, a Class A felony (Count 74). This offense carried a statutory maximum imprisonment term of life. The United States Sentencing Guideline range, based on a total offense level of 30 and a criminal history category of IV, was 135 to 168 months. Defendant was sentenced to 150 months of imprisonment, followed by a four year term of supervised release. The sentence was subsequently reduced to 130 months imprisonment followed by four years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug treatment and testing. Defendant completed the term of imprisonment and began his period of supervised release on June 4, 2014.

On July 9, 2014, U.S. District Judge Rodney Gilstrap modified the conditions of supervised release to include compliance with the requirements of the Sex Offender Registration

and Notification Act (42 U.S.C. § 16901, et seq.). On April 21, 2015, Judge Gilstrap further modified the conditions of supervised release by requiring the defendant reside in a residential reentry center for a period of 180 days, pay subsistence, and abide by the rules and regulations of the center during his stay.

Among other things under the terms of supervised release, Defendant was to refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. In pertinent part, the government alleges in its petition that Defendant violated the terms of supervised release when he submitted a urine specimen that tested positive for marijuana on November 1, 2014.

Based on 5th Circuit case law, the Court can find that illicit drug use constitutes possession. Therefore, should the Court find by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing marijuana, Defendant will be in violation of Texas Health and Safety Code §481.121 and be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(1) indicates that upon a finding of a Grade C violation, the Court may revoke or extend a term of supervision and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade C violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the May 13, 2015 hearing, Defendant pled true to the allegations above. The government recommended that Defendant Macee Green be committed to the custody of the Bureau of Prisons for 10 months with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Macee Green be committed to the custody of the Bureau of Prisons for 10 months at

FCI Seagoville, Texas with no supervised release to follow. The Court further **RECOMMENDS** Defendant receives substance abuse treatment while imprisoned.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to U.S. District Judge Rodney Gilstrap for adoption immediately upon issuance.

**So ORDERED and SIGNED this 15th day of May, 2015.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE